IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-868-RAH-JTA |
| ) | |
| THE STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e). (*See* Doc. No. 6.) Plaintiff Rodney Murphy, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. No. 1.) On December 5, 2018, Plaintiff filed an Amended Complaint. (Doc. No. 11.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

For the reasons stated herein, the undersigned finds that this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  STANDARD OF REVIEW**

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3)

seeks monetary relief against a defendant who is immune from such relief. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

2

allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a

3

substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II. FACTUAL ALLEGATIONS

In his Amended Complaint, which is somewhat vague, Plaintiff challenges the validity of certain actions taken by two state court judges in a criminal case. Plaintiff alleges violations of his civil rights under the United States Constitution pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 11 at ¶ 4.) Plaintiff names the State of Alabama, Montgomery County Court, Montgomery County Circuit Judge Johnny Hardwick and Montgomery County District Court Judge Troy Massey as defendants. (*Id*. at ¶¶ 5-8.) Plaintiff alleges that Judge Massey denied him a preliminary hearing in open court in December 2014 for attempting to elude and possession of marijuana charges. (*Id*. at ¶¶ 1-6.) Plaintiff further alleges that Judge Hardwick continued his trial in 2016 for the attempting to elude and possession of marijuana charges but then "forced [him] to trial" in November 2017. (*Id*.

---

[1] Plaintiff references the Alabama constitution and various Alabama statutes in his Amended Complaint but does not include any specific allegations or causes of action pertaining to those references. (*See* Doc. No. 11 at ¶ 4.) Rather, Plaintiff only lists two causes of action in his Amended Complaint, to wit: two causes of action under 42 U.S.C. § 1983. (*See id*. at ¶¶ 20-24.)

at ¶¶ 7-9.) Plaintiff alleges Judges Hardwick and Massey neglected his right to a speedy trial, denied him equal protection under the law, deprived him of his right to freedom of speech, and deprived him of his right to be free from unreasonable search and seizure. (*Id*. at ¶¶ 10-14.) Plaintiff sues Judges Hardwick and Massey in their individual and official capacities. (*Id*. at ¶¶ 7, 8.) Plaintiff demands a jury trial and requests this court to "dissolve" the charging document, to dismiss his conviction, and to award monetary damages as relief. (*Id*. at ¶¶ 10, 25-37.)

### III. DISCUSSION

The court has carefully reviewed the Amended Complaint in this case pursuant to 28 U.S.C. § 1915(e). Upon review, the court finds that Plaintiff seeks monetary relief against defendants who are immune from such relief and has failed to state a claim on which relief may be granted.

To the extent Plaintiff seeks damages against the State of Alabama, Montgomery County Court, Montgomery County Circuit Judge Johnny Hardwick in his official capacity and Montgomery County District Court Judge Troy Massey in his official capacity, those efforts are foreclosed by the Eleventh Amendment. The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "[A] suit in which the State or one of its agencies or departments is named as defendant is

proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana,* 134 U.S. 1 (1890))). Further, a suit against a state officer or employee in his or her official capacity is a suit against the official's office and is no different than a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Ga. Dep't of Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Accordingly, Plaintiff's claims for monetary relief against the State of Alabama, Montgomery County Court, Montgomery County Circuit Judge Johnny Hardwick in his official capacity and Montgomery County District Court Judge Troy Massey in his official capacity are barred by the Eleventh Amendment and thus due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

In addition, Plaintiff's claims against Montgomery County Circuit Judge Hardwick and Montgomery County District Court Judge Massey in their individual capacities fail because they are entitled to absolute immunity from damages for their role in the state criminal proceedings. A state judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229

(1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Thus, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).  Even assuming the allegations in the Amended Complaint as true, which the court must do at this point, the Amended Complaint does not plead factual content that allows this court to draw the reasonable inference that Judges Hardwick and Massey acted "in the clear absence of all jurisdiction." *See Bolin, supra*.  Hence, Judges Hardwick and Massey are entitled to absolute judicial immunity and Plaintiff's claims against them in their individual capacities are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Further, the claims for relief presented in the Amended Complaint go to the fundamental legality of Plaintiff's convictions for attempting to elude and possession of marijuana.  In accordance with well-established law, Plaintiff is entitled to no relief on these claims in this case.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not

cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

8

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of this § 1983 action to attack the validity of his state convictions for attempting to elude and possession of marijuana. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Plaintiff questioning the validity of his state convictions are not cognizable in this civil action as a ruling in favor of Plaintiff on these claims would necessarily imply the invalidity of his convictions. Thus, the claims presented in the complaint provide no basis for relief at this time and as such are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).

Finally, some of Plaintiff's claims are barred by the applicable statute of limitations. There is no specific statute of limitations for a § 1983 action. *Owens v. Okure,* 488 U.S. 235, 239 (1989). Instead, the statute of limitations is determined by the state's statute of limitations for personal injury actions. *Id.* at 240–41. In Alabama, the statute of limitations for a § 1983 action is two years. *See Lufkin v. McCallum,* 956 F.2d 1104, 1106 n.2 (11th Cir. 1992). Plaintiff filed his lawsuit on December 29, 2017, which means that his cause of action would relate back to matters which occurred no earlier than December

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of this § 1983 action to attack the validity of his state convictions for attempting to elude and possession of marijuana. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Plaintiff questioning the validity of his state convictions are not cognizable in this civil action as a ruling in favor of Plaintiff on these claims would necessarily imply the invalidity of his convictions. Thus, the claims presented in the complaint provide no basis for relief at this time and as such are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).

Finally, some of Plaintiff's claims are barred by the applicable statute of limitations. There is no specific statute of limitations for a § 1983 action. *Owens v. Okure,* 488 U.S. 235, 239 (1989). Instead, the statute of limitations is determined by the state's statute of limitations for personal injury actions. *Id.* at 240–41. In Alabama, the statute of limitations for a § 1983 action is two years. *See Lufkin v. McCallum,* 956 F.2d 1104, 1106 n.2 (11th Cir. 1992). Plaintiff filed his lawsuit on December 29, 2017, which means that his cause of action would relate back to matters which occurred no earlier than December

29, 2015. His claim relating to Judge Massey is based on conduct occurring in December 2014. (Doc. No. 11 at ¶ 16.) Therefore, Plaintiff's claim arising under § 1983 alleged against Judge Massey is barred by the statute of limitations[2] and is due to be dismissed for this reason, as well as the other reasons set out above.

## IV.  CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that **on or before September 1, 2020**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District

---

[2] Plaintiff also alleges that the "use of force by the defendants [sic] agent(s) in . . . apprehending [him], were unreasonable" and "violated his right not to be subject to unreasonable seizure" as protected by the Fourth Amendment. (Doc. No. 11 at ¶ 20.) This vague use of force claim appears to be based on Plaintiff's arrest on September 19, 2014. (*Id*. at ¶¶ 11-13.) To the extent Plaintiff attempts to allege a claim arising under § 1983 against these unnamed defendants, said claim is barred by the statute of limitations.

Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 17th day of August, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE